Rockingham,
No. 4440.

ARAXIE KACHANIAN, *Ind. and as Ex'r*

*v.*

ROBERT KACHANIAN, *Adm'r & a.*

Argued February 7, 1956.

Decided March 29, 1956.

*Robert Shaw* (by brief and orally), for the plaintiff.

*Sleeper & Mullavey* (*Mr. Mullavey* orally), for the defendants.

KENISON, C. J.   Factually this case is quite similar to *Bailey* v. *Scribner*, 97 N. H. 65.   However, in so far as the plaintiff relied upon a resulting trust, dismissal of her bill in equity was proper since the property was bought by the son and title taken in his name.   This is not a case where the consideration was furnished by one person and at that time the title to the property was taken in the name of another.   During the trial the plaintiff proceeded on the theory that any improvements to the property at any time

became part of the consideration for a resulting trust. That is not the law and was not the case in *Bailey* v. *Scribner, supra,* where the labor involved in the care of the beneficiary and the improvements made to the property were "all in pursuance of the understanding of the parties at the time of the purchase." *Id.,* 68. However, it does not follow that the plaintiff is without any remedy.

The facts alleged in the pleadings would support a finding in the plaintiff's favor on the theory of a constructive trust. 1 Scott, Trusts, *s.* 44.2, states the controlling law: "There are numerous cases to the effect that where at the time of the transfer the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the land, he is chargeable as constructive trustee of the land for the transferor. In these cases it is held that the constructive trust will be imposed even though at the time when he acquired the property the transferee intended to perform his promise and was not therefore guilty of fraud in acquiring it; and even though the transferee did not take improper advantage of the confidential relation in procuring the transfer and was not therefore guilty of using undue influence. The abuse of the confidential relation in these cases consists merely in his failure to perform his promise. A constructive trust is imposed even though there is no fiduciary relation such as that between attorney and client, principal and agent, trustee and beneficiary; it is sufficient that there is a family relationship or other personal relationship of such a character that the transferor is justified in believing that the transferee will act in his interest." The defendants' argument that there can be no constructive trust unless there is actual fraud cannot be accepted. 3 Bogert, Trusts, *s.* 496.

The conveyance from the son to the father raises no presumption of a gift. 2 Bogert, Trusts, *s.* 460, *p.* 500. And even in cases where there is such a presumption it may be rebutted. *Foley* v. *Foley,* 90 N. H. 281; *Shelley* v. *Landry,* 97 N. H. 27. The statute (RSA 477:17) requiring that trusts concerning lands shall be in writing has no application to trusts which "arise or result by implication of law." Early cases (*Graves* v. *Graves,* 29 N. H. 129) which hold that the recited consideration in a deed could not be contradicted to show that there was no actual consideration no longer represent the law in this jurisdiction. *Rivard* v. *Ross,* 99 N. H. 299, 304; *Plante* v. *Wendell,* 95 N. H. 188. See also, 9 Wig.

138

Ev. (3rd *ed.*) *s.* 2433; 1 Williston, Contracts (Rev. *ed.*), *s.* 115 A.

Since the plaintiff may be able to prove that the property in question was held by the mother and father pursuant to a promise to reconvey or will it to the son, the bill in equity should not have been dismissed. See Restatement, Restitution, *s.* 182, *comment* b. Whether the plaintiff can meet this burden can be determined only after his evidence is fully presented. Restatement, Trusts, *s.* 44, *comment* c.

*New trial.*

All concurred.