Hillsborough,
No. 4938.

CHAGNON LUMBER CO.

*v.*

WALTER J. PATENAUDE.

Argued September 6, 1961.

Decided October 27, 1961.

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Velishka & Kozlowski* for the defendant, furnished no brief.

BLANDIN, J.  The plaintiff's claim, in brief, is that the defendant as an independent contractor signed a contract with a John R. Contrell to build a house for him in Lexington, Massachusetts, and that the plaintiff sold the defendant lumber and materials for the house, for which the defendant is liable.

The defendant denied these allegations and testified that he was an employee carpenter working by the day for Contrell, that he never bought the supplies himself, but told the plaintiff to charge them to Contrell.

An examination of the entire record convinces us that the sharply conflicting claims of the parties were for the jury to resolve. *Hiltz* v. *Gould*, 99 N. H. 85, 87.  If the jury believed the defendant's evidence that the plaintiff agreed to charge the supplies to Contrell the defendant would not be liable.  Restatement, (Second) Agency, s. 320.  It follows that the plaintiff's exception to the denial of its motion to set aside the verdict must be overruled.

In regard to the alleged contract between Contrell and the defendant, it appears that the original was never produced and that the Court in excluding the copy offered by the plaintiff found that no satisfactory excuse was given for the nonproduction.  It has long been the established law that a copy of a private document (containing here merely the typed signatures of the parties) is inadmissible unless the absence of the original is satisfactorily accounted for.  *Wallace* v. *Goodall*, 18 N. H. 439, 451, 455; 32 C. J. S., Evidence, ss. 813, 823, 826; see *Skaling* v. *Remick*, 97 N. H. 106, 108.  The principle upon which the rule rests is that the original is the best evidence of the facts to be proved and that "it is to be procured and offered *if it can be had.*"  IV Wigmore, Evidence (3d *ed.*) s. 1192(1).

Each case must rest upon its own facts and it was for the Trial Court to determine, within its discretion, whether the plaintiff had made reasonable efforts to procure the original of the alleged contract.  IV Wigmore, *supra*, s. 1194, *pp.* 339-340.  The record convinces us that there was no abuse of discretion in the Court's finding that the absence of the original was not properly accounted for (*cf. Skaling* v. *Remick*, *supra*) and that the exclusion of the copy is sustainable.  The order is

*Judgment on the verdict.*

All concurred.