Cheshire
No. 7012

KENNETH D. CORNWELL

v.

PAUL E. CORNWELL

April 30, 1976

*Howard B. Lane* and *Howard B. Lane, Jr. (Mr. Lane, Jr.,* orally), for the plaintiff.

*Leonard, Gall, Prunier, Mazerolle & Shapiro* and *Gerald R. Prunier (Mr. William J. Groff* orally) for the defendant.

DUNCAN, J. The defendant, Paul Cornwell, excepted to findings and rulings of the Superior Court (*Loughlin,* J.) resulting in the imposition of a constructive trust in favor of the plaintiff upon certain real estate presently standing in the name of the defendant. The questions of law presented were reserved and transferred by the presiding justice. The defendant fashions three issues presented by his exceptions: (1) Did the trial court have jurisdiction to rule on certain requests by the plaintiff for findings of fact and rulings of law after the case had been reserved and transferred to this court; (2) was the evidence sufficient as a matter of law to justify the finding that Irene Cornwell (now Barrett) and Paul Cornwell stood in a confidential relationship, one to the other; and (3) does the equitable doctrine of "unclean hands" bar relief in this case.

The property which is the subject of this litigation consists of approximately fifty acres with improvements located in Keene, New Hampshire. Kenneth Cornwell, now deceased, purchased the land in 1944 for $7,200. At that time, he made a payment of $4,000 and gave a note and mortgage to secure the balance of the purchase price. Within thirteen months he had paid the full amount.

In March 1950, the administratrix of the estate of John Zielinski brought suit against Kenneth in his capacity of employer, for wrongful death of an employee arising out of a logging accident in Rockingham, Vermont. A verdict for the plaintiff in the case was affirmed on December 6, 1955. *Zielinski v. Cornwell,* 100 N.H. 34, 118 A.2d 734 (1955).

On October 6, 1953, subsequent to the commencement of that

action but prior to verdict, Kenneth transferred all his right, title, and interest in the fifty-acre farm to his wife, Irene. Kenneth continued to live on the farm, and with periodic help from his brother Paul was able to meet payments on a new mortgage. Nevertheless, it became apparent in 1959 that foreclosure was imminent at which time it was arranged for Paul to take title to the property by conveyance from Irene and Kenneth on May 11, 1959. The trial court expressly found that the conveyance was made upon the understanding that the property would be reconveyed to Kenneth when his "financial plight" was "straightened out". From time to time, Paul expended money to maintain the premises, to pay taxes and to amortize the mortgage.

However, the court found that in 1967, Kenneth was able to retire the mortgage by a payment of $2,999.98 from his own funds, and that Kenneth had thereafter paid both the 1969 and 1970 property taxes. The decree imposing a constructive trust stipulated that Kenneth should reimburse Paul for all expenses incurred by him in maintaining the property since 1959, together with $900 for certain other advances.

The trial court found "the defendant's testimony in which he denies holding the property for the plaintiff's benefit to be less than candid". In light of the relationship existing between Paul, Kenneth and Irene, the court imposed a constructive trust in favor of Kenneth, the benefit of which will enure to his estate.

The defendant's first assignment of error relates to certain supplemental findings and rulings made in response to requests of the plaintiff which were not acted upon until after the case was transferred to this court. When the plaintiff discovered that these requests had been overlooked, the plaintiff resubmitted them and they were granted with one exception. This created an apparent conflict with certain of the court's earlier findings and rulings.

The defendant contends that the trial court lacked jurisdiction to grant these requests after the case had been reserved and transferred. *Rautenberg v. Munnis,* 107 N.H. 446, 224 A.2d 232 (1966), indicated that during pendency of an appeal in this court, the trial court has jurisdiction to "do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal . . . ." *Id.* at 447, 224 A.2d at 233. The action by the trial court in the case at bar was designed to aid in presentation on appeal and the action taken was not precluded. *Bullock v. Director,* 231 Md. 629, 633, 190 A.2d 789, 792 (1963).

The inconsistencies relied upon related in part to the existence

of a confidential relationship. The court had granted defendant's request for a ruling of law that there was no such relationship between Irene and Paul. It also had granted defendant's request for a finding of fact that there was no such relationship, but had denied a similar finding and such a ruling as to Kenneth and Paul.

The later request by the plaintiff, pointed to as inconsistent, was a finding of fact that "there was a confidential relationship between Irene Cornwell, Kenneth Cornwell, and Paul Cornwell when Irene conveyed the farm to Paul in 1959, in which conveyance Kenneth joined, namely ex- (sic) sister-in-law and brother".

Clearly a confidential relationship could be found to have existed between Kenneth and Irene when conveyance was made to her, and the court could properly find and rule that since Paul was not a bona fide purchaser for value, he should hold subject to Kenneth's equitable interest when Irene and Kenneth joined in conveying to him. Restatement of Restitution § 168 (1937); see 1 A.W. Scott, Trusts § 45 (3d ed. 1967). We find no inconsistency of sufficient consequence to vitiate the decree imposing a constructive trust.

The defendant's next assignment concerns the quantum of evidence presented in support of the petition. Specifically, the defendant contends that the proof was insufficient as a matter of law to establish the existence of a confidential relationship between Irene and Paul. It is conceded that under the facts the plaintiff must establish such a relationship to support the imposition of a constructive trust. *Pleakas v. Juris,* 107 N.H. 393, 224 A.2d 74 (1966); *Kachanian v. Kachanian,* 100 N.H. 135, 121 A.2d 566 (1956).

RSA 477:17 provides that "[n]o trust concerning lands, excepting such as may arise or result by implication of law" shall be created unless by an instrument signed by the party to be charged. However, a constructive trust will arise when there has been a conveyance of an estate upon an oral promise to reconvey (*See* 1 A.W. Scott, Trusts § 44, at 333 (3d ed. 1967)), and the conveyance was procured by fraud, duress or undue influence (*Patey v. Peaslee,* 101 N.H. 26, 131 A.2d 433 (1957)); or made as security for a loan, or between parties standing in a confidential or fiduciary relationship to each other. *Pleakas v. Juris,* 107 N.H. 393, 224 A.2d 74 (1966); *see Rosenblum v. Judson Engineering Co.,* 99 N.H. 267, 109 A.2d 558 (1954). The device of a constructive

trust is based upon principles of restitution, to prevent unjust enrichment of one person at the expense of another. Evidence of an oral agreement, otherwise unenforceable because of the Statute of Frauds, can be shown for the purpose of preventing unjust enrichment. *Pleakas v. Juris, supra* at 399, 224 A.2d at 78-79; *see* Restatement (Second) of Trusts § 44, Comment *a* (1959). The court will not enforce the oral agreement but rather will impose a constructive trust on the property in favor of the beneficiary of the promise.

In the case at bar, the plaintiff alleged that, upon transfer, Paul orally promised to reconvey the farm to the plaintiff; and that he, the plaintiff, and Paul and Irene stood in a confidential relationship to one another. The Restatement (Second) of Trusts § 2, Comment *b*, at 7 (1959) states that "[a] confidential relation exists between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind . . . . [I]t is particularly likely to exist where there is a family relationship or one of friendship . . . ." Similarly, this court has indicated that "it is sufficient that there is a family relationship or other personal relationship of such a character that the transferor is justified in believing that the transferee will act in his interest". *Kachanian v. Kachanian*, 100 N.H. 135, 137, 121 A.2d 566, 568 (1956), quoting 1 A.W. Scott, Trusts § 44.2 (1967).

"'The term 'fiduciary or confidential relation' is a comprehensive one and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed". Annot., 35 A.L.R. 280, 308 (1925); *see Austin v. Austin*, 135 Me. 155, 191 A. 276 (1937). Today, the trend is toward liberalizing the term in order to prevent unjust enrichment. *See* Restatement (Second) of Trusts § 44, Comment *a*, at 114 (1959). Proof by a preponderance of the evidence is deemed sufficient. 5 A.W. Scott, Trusts § 462.6 (1967).

The facts of this case indicate that a community of confidence existed among the principals. Coupled with the trial court's finding that the defendant was "less than candid" in denying that he had orally agreed to reconvey the property to Kenneth, the evidence supported the imposition of the constructive trust.

Finally, the defendant contends that the doctrine of "unclean hands" will bar equitable relief in this case. He argues that the conveyance from Kenneth to Irene was made to protect the property from a judgment creditor and thus was fraudulent (RSA 545:4, :7); and that those who come to equity must do so with

clean hands, or equitable relief is properly denied.

Pomeroy states: "The party to a suit, complaining that his opponent is in court with 'unclean hands' because of the latter's conduct ... must show that he himself has been injured by such conduct, to justify application of the principle to the case. The wrong must have been done to the defendant himself and not to some third party." 2 J. Pomeroy, Equity Jurisprudence § 399, at 99 (1941); *Cochran Timber Co. v. Fisher,* 190 Mich. 478, 157 N.W. 282 (1916); *Lyman v. Lyman,* 90 Conn. 399, 406, 97 A. 312, 314 (1916).

It is clear in this case that the defendant was in no way prejudiced by the original transfer from Kenneth to Irene or, for that matter, by the transfer from Irene to himself. Though Kenneth's creditors might have contested the conveyances, Paul may not raise this defense since he was not Kenneth's creditor at the times of conveyance.

*Defendant's exceptions overruled.*

All concurred.