In re Bettie J. JANIS, Debtor.

William D. SEIDLE, Trustee, Plaintiff,

v.

Homer F. ("Jack") CARPENTER; Fordyce Leach; Frances Leach; United States of America, Small Business Administration; Clinton Clough; James Cyrs d/b/a J.C. Heating and Plumbing; St. Paul Fire & Marine Insurance of Minnesota, and United States of America, Internal Revenue Service, Defendants.

Bankruptcy No. 84–00156–BKC–SMW.
Adv. No. 86–0092–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 9, 1986.

---

Harold D. Moorefield, Jr., Miami, Fla., for trustee.

Mark D. Bloom, Baltimore, Md., for defendant Carpenter.

Theresa E. Mitchell, North Miami, Fla., Richard F. Mitchell, Washington, D.C., for defendant I.R.S.

Leroy Culton, Miami, Fla., for defendant St. Paul.

M. Lewis Hall, III, Miami, Fla., for defendants Clough & Cyrs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on for trial on March 11, 1986 and April 11, 1986, upon

the Trustee's Amended Complaint to Avoid Fraudulent Transfer, to Impose Trust and to Determine Validity, Priority and Extent of Liens, and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the argument of counsel; and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Plaintiff, William D. Seidle, Trustee (hereinafter "Trustee"), is the duly appointed, qualified and acting Chapter 7 Trustee of the estate of Debtor, Bettie J. Janis ("Janis"). This adversary proceeding relates to one specific asset of that estate, certain real property located in Grafton County, New Hampshire, and known as the Ammonoosuc Inn and Country Club ("Ammonoosuc"). Defendant Homer F. Carpenter ("Carpenter") holds an undivided one-half interest in the Ammonoosuc, conveyed to Janis and Carpenter as "tenants in partnership" on or after January 28, 1982. The remaining Defendants assert liens against the Ammonoosuc, the validity, priority and extent of which is called into question by Count III of the Amended Complaint.

On August 23, 1985, prior to commencement of this adversary case, the Ammonoosuc was sold free and clear of liens for a gross sales price of $325,000.00. As of the date of the sale, the Court was aware of no formal partnership between Janis and Carpenter ever having been formed. Accordingly, by agreement of the interested parties, Carpenter's interest in the Ammonoosuc property has been treated as that of a tenant in common, and the sale of the property was conducted pursuant to § 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h), with proceeds to be distributed pending further Order of the Court. After payments approved by the Court to satisfy certain tax and mortgage liens, real estate commissions and other expenses incurred in preservation and sale of the property, the Trustee had approximately $207,000.00 remaining from the proceeds at the inception of this adversary proceeding.

The case proceeded to trial on the Amended Complaint, containing three counts. Count I sought to avoid an alleged fraudulent transfer of an interest in the Ammonoosuc to Carpenter pursuant to § 544(b) of the Code, 11 U.S.C. § 544(b), and state law, contending that he furnished none of the funds used in its purchase and paid no consideration for his interest. Count II sought to impose a resulting or constructive trust upon that interest, pursuant to § 544(b) and applicable common law.

■ At trial, counsel disagreed over whether the common law of Florida or New Hampshire should apply to Counts I and II. Bankruptcy judges have differed over whether to resolve such conflicts by applying the choice of law rule of the forum state, *In re Shepard*, 29 B.R. 928, 931 (Bankr.M.D.Fla.1983), or to use their independent judgment in accordance with federal conflicts rules as part of the overall federal law to be applied in the case. *In re L.M.S. Associates, Inc.*, 18 B.R. 425, 428 (Bankr.M.D.Fla.1982). In this particular case, where the property is located in New Hampshire and all of the transactions in question appear to have taken place in New Hampshire, the Court's own judgment is consistent with the common law rule of Florida, that the laws of the state where the real property is located govern the construction, validity and effect of conveyances of such property. *Connor v. Elliott*, 85 So. 164, 165 (Fla.1920). The Court therefore chooses to apply the substantive state law of New Hampshire to Counts I and II.

Count III sought a determination of the validity, priority and extent of liens claimed by the remaining Defendants. On the first day of trial, counsel agreed to settle the first and second mortgage liens held by Defendants Fordyce and Francis Leach and the Small Business Administration for the sums of $59,500.00 and $50,992.48, respectively, leaving approximately $106,500.00 of the proceeds in dispute. During the course of the trial, the Court received evidence on the mechanics' liens held by Defendants Clinton Clough ("Clough") and

James Cyrs, d/b/a J.C. Heating and Plumbing ("Cyrs"), and the liens of the remaining Defendants, St. Paul Fire & Marine Insurance Company ("St. Paul") and the Internal Revenue Service ("IRS"). Contending that the St. Paul and IRS liens attach only to the interest in the Ammonoosuc claimed by Carpenter, Count III sought to avoid those liens by setting aside Carpenter's interest in the property.

The evidence presented in support of Counts I and II was essentially the same. The Trustee offered the testimony of the Debtor, Janis, and Defendant Carpenter, together with the Deed conveying title to the Ammonoosuc to them, the closing statement, and other documents purporting to reflect the payment and disbursement of funds in connection with the closing on that purchase. No evidence was presented in support of the Trustee's contention that at the time of the transaction, Janis acted with any intent to hinder, delay or defraud her creditors of any right or action.

Taken as a whole, the evidence presented by the Trustee, including the testimony of witnesses subpoenaed and called at the direction of the Court, fails to establish an entitlement to any of the relief sought in Counts I and II of the Amended Complaint. The testimony of Janis was irreconcilably inconsistent with her prior testimony given under oath in connection with these very same matters. Bank records which she claimed would support her position were subpoenaed by the Trustee on the Court's instructions, and proved not to exist. To the extent that her wildly conflicting and unsupported testimony may be held to establish anything at all, it appeared to indicate that she and Carpenter made equal contributions of not more than $10,000.00 to purchase the Ammonoosuc, with the balance paid by unnamed investors in the limited partnership for which the property was originally purchased. Certain of these investors have filed proofs of claim in this Chapter 7 case, and/or commenced litigation in the state court against Janis and Carpenter, as general partners of the limited partnership. The validity and amount of their claims is not before the Court at this time.

Similarly, Carpenter was almost entirely without documents to establish his contribution toward the purchase of the Ammonoosuc. A February 1982 statement of the escrow account created in connection with that purchase reflects a deposit from Carpenter on the ninth day of that month, in the amount of $6,500.00. Although the Trustee makes much of the fact that this payment was made several days *after* the closing took place, the Court is satisfied with Carpenter's explanation that he advanced this additional sum to cover a shortage of funds after the closing but before final disbursement of the proceeds. Particularly in light of the inconclusive evidence regarding the purchase, the mere fact that Carpenter's only documented contribution came shortly after the closing does not establish that he paid no part of the purchase price.

Taken in its entirety, the evidence simply fails to support the Trustee's alternative positions that Janis provided *all* of the funds to purchase the Ammonoosuc, or that Carpenter provided *none* of those funds. In addition to the cash invested, it appears that Carpenter was required to assume several mortgages on the property, and personally agreed to pay certain additional sums to the seller for services rendered as a "management consultant" after the sale. Curiously, neither of the documents under which Carpenter assumed these obligations was executed by Janis, and the Court heard no satisfactory explanation of how she came to be named on the Deed as a "tenant-in-partnership" with Carpenter at all.

The inconclusive state of the evidence presented in two days of trial precludes entry of a judgment for the Trustee on either Count I or Count II. No actual intent to defraud, nor any of the badges and incidents of fraud recognized under New Hampshire law, were established to support recovery on Count I. N.H.Rev. Stat.Ann. § 545:1, *et seq.* Accordingly, a

judgment should be entered on Count I in favor of Defendant Carpenter.

 With respect to Count II, the inconclusive state of the evidence is even more clearly fatal. As with that of other states, New Hampshire law provides that a constructive or resulting trust. can be established only upon clear and convincing evidence. *Clooney v. Clooney,* 118 N.H. 754, 394 A.2d 313 (1978); *Patey v. Peaslee,* 101 N.H. 26, 131 A.2d 433 (1957); 2 Restatement (Second) of Trusts, § 458 (1959). The law of Florida is identical on this point. E.g. *Hiestand v. Geier,* 396 So.2d 744, 745 (Fla. 3d DCA 1981) (resulting trust); *Kramer v. Freedman,* 272 So.2d 195, 198 (Fla. 3d DCA 1973) (constructive trust). The evidence presented at the trial failed to satisfy this strict burden of proof.

The Trustee relies upon the case of *Chamberlin v. Chamberlin,* 116 N.H. 368, 359 A.2d 631 (1976), in which a resulting trust was held to arise where, as alleged here, one pays the consideration for a transfer of real property and title is taken in the name of another. In *Chamberlin,* however, the New Hampshire court was presented with clear and convincing evidencing tracing the source of the funds used in the purchase. 359 A.2d at 633–34. In contrast, the evidence presented in the case at bar is inconclusive at best, and fails to support the imposition of a constructive or resulting trust on the one-half interest held by Carpenter. Accordingly, a judgment should be entered on Count II in favor of Defendant Carpenter.

Count III of the Amended Complaint seeks to determine the validity, priority and extent of certain liens on the Ammonoosuc property, and specifically to avoid the liens of St. Paul and the IRS as attaching only to the avoidable interest held by Carpenter. Based on the Court's disposition of Counts I and II, the relief sought as to these two Defendants must be denied.

 Certain of the parties have invited the Court to determine the validity, priority and extent of those liens attaching solely to Carpenter's interest. As Carpenter has not sought the protection of the bankruptcy laws and appears only as a co-owner of the Ammonoosuc property, the jurisdiction of this Court with respect to his interest in the proceeds is quite limited, 11 U.S.C. § 363(j), and those issues are not properly before it.

 With respect to the remaining Defendants, Clough and Cyrs, the only evidence at trial consisted of certified copies of public record documents and the testimony of their New Hampshire attorney. No evidence has been introduced to controvert the validity, priority or extent of their liens, which accordingly should be allowed in their entirety.

A separate Final Judgment will be entered herein.