**Guidette et al. v. J. Bishop Davis    CV-98-579-B    05/03/99**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Mary Guidette, et al.**</u>

v.                                      Civil No. 98-579-B

<u>**J. Bishop Davis**</u>

<u>**O R D E R**</u>

Mary Davis died on April 13, 1997.  Her children, William McAvoy, Joseph McAvoy, Susan Agoglia, Mary Guidette, and Madeline Swift have sued Mrs. Davis's husband, J. Bishop Davis, seeking to compel Mr. Davis to include them as beneficiaries under his will and to modify and reinstate a trust he created in part for their benefit.

Construing the complaint generously, plaintiffs allege that shortly after Mr. and Mrs. Davis married, they entered into an oral contract by which Mrs. Davis agreed to irrevocably devise all of her real and personal property to her husband if she predeceased him.  Mr. Davis, in turn, agreed to irrevocably devise all of his real and personal property (less $100,000 that was to be distributed to his son, Jay Davis) to a trust, the

proceeds of which would benefit Mrs. Davis during her lifetime and thereafter would be distributed in equal shares to each of the plaintiffs and Mr. Davis's son.

On October 15, 1995, Mr. Davis executed a will and created the J. Bishop Davis Trust. Mr. Davis devised certain property under the new will to Mrs. Davis and others, bequeathed $100,000 to his son, Jay Davis, and specified that the rest of his assets were to be transferred to the Trust upon his death. The Trust documents named Mr. and Mrs. Davis as trustees and provided that Mr. Davis's son, one of Mrs. Davis's daughters, and an unnamed third party, would succeed Mr. and Mrs. Davis as trustees when Mr. Davis died or became incompetent. Mr. and Mrs. Davis were to receive quarterly distributions of interest generated by the Trust and such principal as the trustees deemed appropriate. If Mrs. Davis outlived her husband, an amount equal to the federal estate tax exemption would remain in the Trust and the remainder of the Trust's proceeds would be distributed to Mrs. Davis. Upon Mrs. Davis's death, 50% of the Trust's assets would be distributed to Jay Davis and the balance would pass to the plaintiffs in equal shares. The Trust documents specified that the Trust would be revocable during Mr. Davis's life.

Mr. Davis revoked the Trust and removed the plaintiffs as beneficiaries under his will after Mrs. Davis's death.

## I.    DISCUSSION

Plaintiffs' amended complaint states five causes of action. Count 1 alleges that Mr. Davis breached his oral contract to irrevocably devise the bulk of his assets to a trust for the equal benefit of his son and the plaintiffs. Plaintiffs seek to have a trust imposed on Mr. Davis's assets to enforce the oral contract. Count 2 asserts that, due to "mutual mistake," the J. Davis Trust should be reinstated and reformed to provide that the Trust is irrevocable and to specify that Mr. Davis's son and the plaintiffs should benefit equally from the trust. Count 3 alleges that Mr. Davis fraudulently told his wife and her children that the J. Bishop Trust and his will naming them as beneficiaries were irrevocable. To remedy this allegedly fraudulent conduct, plaintiffs seek to have a trust imposed on Mr. Davis's assets. Count 4 argues that the J. Bishop Trust should be reformed in the above-specified manner as a remedy for Mr. Davis's fraud. Count 5 seeks to undo certain unspecified property transfers that plaintiffs contend Mr. Davis fraudulently made to his son to avoid liability in this case.

Mr. Davis argues that plaintiffs' claims should be dismissed because they are barred by the Statute of Frauds. He also contends that plaintiffs' fraud claims must be dismissed because they have failed to plead fraud with particularity, pursuant to Fed. R. Civ. P. 9(b). As I explain in greater detail below, I dismiss Count 1 based on the Statute of Frauds, dismiss Count 5 for failing to plead fraud with particularity, and dismiss Counts 3 and 4 because plaintiffs have failed to plead facts that would support a conclusion that they are entitled to the relief they seek. I deny the motion insofar as it applies to Count 2.

## A.   **STATUTE OF FRAUDS**

New Hampshire's Statute of Frauds provides that an oral contract involving a transfer of land, including a contract to devise real estate, ordinarily is unenforceable. N.H. Rev. Stat. Ann. § 506(1) (1997); see Southern v. Kittrege, 85 N.H. 307, 308-09 (1932). Nevertheless, if a party transferring real estate pursuant to an oral contract has performed its obligations under the contract, a constructive trust[1] may be imposed on the

---

[1] Plaintiffs have asked the court in Counts 1 and 3 to impose a resulting trust rather than a constructive trust on Mr. Davis's assets. A resulting trust, however, is not appropriate under the circumstances presented by this case. See generally, Wheeler v. Robinson, 117 N.H. 1032, 1035 (1977)(describing circumstances where a resulting trust is warranted).

transferred property to avoid unjust enrichment.  See Cornwell v. Cornwell, 116 N.H. 205, 208-09 (1976); Knox v. Perkins, 86 N.H. 66, 69 (1932) (performance by transferor takes the case outside the Statute of Frauds).  If plaintiffs were seeking to recover assets transferred by Mrs. Davis to her husband in exchange for his oral promise to devise his assets to her children, a constructive trust protecting the transferred assets would be an appropriate remedy to prevent unjust enrichment.  A constructive trust, however, cannot be used as a substitute for a contract claim that is barred by the Statute of Frauds.  See Cornwell, 116 N.H. at 208-09.  Since plaintiffs do not seek to have a trust imposed on assets Mrs. Davis transferred to her husband and her claim based on the oral contract is barred by the Statute of Frauds, Count 1 is dismissed.  Plaintiffs' remaining causes of action do not depend upon the existence of an oral contract between Mr. and Mrs. Davis.  Therefore, they are unaffected by the Statute of Frauds.

### B.  FED. R. CIV. P. 9(b)

Fed. R. Civ. P. 9(b) requires that a fraud claim must specify "the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred."  Doyle v. Hasbro, Inc., 103

F.3d 186, 194 (1st Cir. 1996) (quoting <u>McGinty v. Beranger</u> <u>Volkswagen, Inc.</u>, 633 F.2d 226, 228 (1st Cir. 1980)).

Counts 1 and 2 of plaintiffs' amended complaint do not allege fraud. Counts 3 and 4 plead the alleged time, place, and manner of Mr. Davis's allegedly fraudulent representations with sufficient particularity to survive a motion to dismiss. Count 5, however, fails to provide any details concerning the defendant's allegedly fraudulent activities.[2] Therefore, this claim cannot survive defendant's motion to dismiss.

C. **Fraud Claims**

In Count 3, plaintiffs seek to have a trust imposed on Mr. Davis's assets based on his allegedly fraudulent representations to his wife and her children. Count 4 relies on the same allegedly fraudulent representations in seeking an order from the court reinstating and reforming the J. Bishop Davis Trust.

I have already explained in resolving Davis's motion to dismiss Count 1 that, while a constructive trust might be an appropriate method to protect assets that Mrs. Davis transferred

---

[2] New Hampshire law permits a plaintiff to maintain a fraudulent transfer claim in certain circumstances without proof that the defendant acted with a fraudulent intent. <u>See</u> <u>generally</u>, N.H. Rev. Stat. Ann. 545-A. Here, however, plaintiffs base their claim on an allegation that the defendant acted with a fraudulent intention. Such claims are subject to the heightened pleading requirements of Rule 9(b).

to her husband, a trust will not be imposed on Mr. Davis's assets because such relief is unnecessary to protect plaintiffs from any unjust enrichment by Mr. Davis. Count 3 suffers from a similar defect because it too seeks to impose a trust over assets that need not be transferred to the plaintiffs in order to avoid any injuries that they may have suffered as a result of Mr. Davis's allegedly fraudulent conduct.

Count 4 does not seek to have a trust imposed over Mr. Davis's assets. Nevertheless, it too is defective because it seeks relief which would be unavailable to the plaintiffs even if their fraud claim is valid. Plaintiffs have not alleged that they have relied to their detriment on Mr. Davis's allegedly fraudulent representations. The only relevant injury that they might be able to allege is that they have lost control of property that Mrs. Davis transferred to her husband as a result of his fraudulent representations. The relief plaintiffs seek in Count 4 is far more extensive than would be necessary to remedy any such injury. It seeks to compel Mr. Davis to follow through on the promises he fraudulently made. This type of relief is simply unavailable to the plaintiffs in this case. Accordingly, Counts 3 and 4 of the amended complaint must also be dismissed.

## II. CONCLUSION

Defendant's motion to dismiss (document no. 7) is granted in part and denied in part. Counts 1, 3, 4 and 5 of plaintiffs' amended complaint (document no. 6) are dismissed. Count 2 was not addressed by the defendant's arguments. Accordingly, defendant's motion to dismiss this count is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 3, 1999

cc:  Randall Cooper, Esq.
     Russell Hilliard, Esq.