Carroll,
No. 4725.

RUTH S. MAXFIELD *v.* HENRY S. MAXFIELD *& a.*

Argued April 7, 1959.

Decided May 21, 1959.

*James J. Kalled* and *Philip J. Ganem* (*Mr. Kalled* orally), for the plaintiff.

*Elliott U. Wyman* for the defendants.

BLANDIN, J. The question before us is whether the defendants, owners and occupiers of the premises, may be found liable in the circumstances here to the plaintiff, who was there at their invitation as a social guest, or what is known as a gratuitous licensee. Restatement, Torts, s. 331; *Sandwell* v. *Elliott Hospital,* 92 N. H. 41, 44. The law is well established here and, we believe, by the better authorities elsewhere, that in these circumstances the general rule is that the only duty owed the plaintiff by the defendants relative to the condition of the premises was to use reasonable care to warn her of dangers which they knew about and which were likely to be undiscovered by her. *Mitchell* v. *Legarsky,* 95 N. H. 214, 216; Restatement, Torts, s. 342, s. 343, *comment* a.

The plaintiff concedes that she was aware of the presence of the butternuts and the danger they created, but seeks to avoid the consequences of this on several grounds. The first is that the defendants were negligent in failing to remove the butternuts "after the license was first extended to the plaintiff." We cannot see that the invitation to the plaintiff to return on the night of the 13th in any way affects the legal consequences. She remained a gratuitous licensee, and she still knew of the butternuts and the danger they caused. Nor do we believe the failure to repair the outside light or to warn the plaintiff that it was not working is

significant. The darkness was as obvious to her as to the defendants, and there was no duty on their part to warn her of the "added" danger of running in the dark over ground strewn with butternuts, because whatever extra risk this involved, she knew as well as they. Neither the existence of these facts nor the combinations of them sustains the plaintiff's cause. In the case of *Nickerson* v. *Association,* 96 N. H. 482, cited in her brief, the injured party was justifiably ignorant of the factor which caused the peril, and the situation is thus distinguishable from the present one.

It follows that the plaintiff has no cause of action against the defendants because of any alleged negligent failure to remove the butternuts, repair the light, or to warn her of any dangers arising thereby. *Cook* v. *Company,* 95 N. H. 397, 399, and authorities cited.

However, her claim that the defendants negligently caused a fire which she says resulted in her injury, rests on a different footing. In the light of the facts alleged in the plaintiff's opening statement, which are to be taken as though the evidence had been introduced for the purpose of this case (*Charpentier* v. *Company,* 91 N. H. 38, 40), it appears clear that reasonable persons could find the defendants negligent in throwing oily rags into the barrels and allowing them to accumulate until they caught fire. It is a matter of common knowledge, which at some time had been shared by the defendants, that such conduct is dangerous. The plaintiff, on the other hand, was justifiably unaware of this danger and the defendants owed her a duty to protect her against damage to her person or property arising from it. Restatement, Torts, s. 342. The flaming waste in the barrels in turn set the barn afire, and this imperiled the plaintiff's automobile parked nearby. Her attempt to rescue her own property was natural and foreseeable and the authorities are in favor of imposing liability for injuries suffered in such situations. Annos. 64 A. L. R. 515; 42 A. L. R. (2d) 494. The case of *Glines* v. *Railroad,* 94 N. H. 299, is not authority to the contrary. There the plaintiff, a volunteer, was injured in trying to rescue the property of a third person. However the opinion expressly states (*p.* 302): "We recognize that the authorities permit recovery under similar circumstances when the plaintiff is not regarded as a mere volunteer because of a direct interest by reason of ownership or control of the property threatened by the defendant's negligence."

The defendants attempt to escape the consequences of this rule on the grounds that the butternuts upon which the plaintiff slipped and fell were the sole proximate or legal cause of her injury and that the "cause of the fire was wholly immaterial." It has been authoritatively stated that negligent conduct is a proximate or legal cause of harm, if the actor's conduct is "a substantial factor in bringing about the harm" and if no rule of law relieves the actor "from liability because of the manner in which his negligence has resulted in the harm." Restatement, Torts, s. 431(a), (b). Applying this test to the present case, we believe it plain that reasonable persons could find that the fire which caused the plaintiff to dash out in the darkness to save her own property was a substantial factor in bringing about her injury. Her reaction, as previously pointed out, was natural and foreseeable, and there was nothing extraordinary in the fact that such a fire as this, findably carelessly caused and blazing up in the night, should have resulted in personal injury to a guest. The defendants' negligence continued up to the moment the fire broke out, and the immediate result of it was to send the plaintiff dashing out in the darkness to save her property. The accident occurred in close proximity to the fire, in both time and space. In short, the case presents the essential elements decisive in determining whether the defendants' negligence was a substantial factor in causing the plaintiff's harm. Restatement, Torts, s. 433.

If it could be found also that the butternuts were a contributing cause, this would not relieve the defendants from liability. *Prichard v. Boscawen*, 78 N. H. 131, 132; *Wilson v. Bank*, 95 N. H. 113, 115; Restatement, Torts, s. 432. Nor would the fact that the defendants might not have been able to foresee the exact manner in which her injury might occur, afford them a defense. *Nickerson v. Association*, 96 N. H. 482, 484; *Langevin v. Company*, 81 N. H. 446, 447, 448. In such situations as in this case, we have consistently held the question of the defendants' liability is for the jury. *Prichard v. Boscawen, supra*, 133; *Derosier v. Company*, 81 N. H. 451, 461; *Hurd v. Railroad*, 100 N. H. 404, 408. This, we believe, represents the majority and better view. *Nugent v. Marshall*, 222 F. (2d) 604, 611; Restatement, Torts, s. 432 (2); Prosser on Torts, (2d *ed.*) 221. The order is

*Exception sustained.*

All concurred.