Strafford
No. 90-193

RICHARD AND ROSE SAULNIER

v.

FANARAS ENTERPRISES, INC. AND
STEPPING STONE MATERIALS, LIMITED PARTNERSHIP

FANARAS ENTERPRISES, INC. AND
STEPPING STONE MATERIALS, LIMITED PARTNERSHIP

v.

RICHARD AND ROSE SAULNIER

December 31, 1992

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Bruce W. Felmly* and *Kevin M. Leach* on the brief, and *Mr. Felmly* orally), for Fanaras Enterprises, Inc. and Stepping Stone Materials, Limited Partnership.

Richard and Rose Saulnier, *pro se*, filed no brief.

THAYER, J. This is an appeal of the Superior Court's (*Dickson*, J.) ruling that the parties failed to form a limited partnership and that the only contractual relationship formed by them was that of mortgagor-mortgagee. We reverse and remand for dissolution and an accounting.

While employed by Fanaras Enterprises, Inc. (Fanaras Enterprises), Richard Saulnier approached Joseph Fanaras, the sole shareholder of Fanaras Enterprises, about a loan of $40,000 so that Saulnier could purchase a gravel pit. On January 9, 1986, Fanaras loaned $40,000 to Richard and Rose Saulnier, who took title to the gravel pit as tenants in common. On the same day, the Saulniers signed a promissory note, a mortgage on the gravel pit securing the note, a document entitled "limited partnership agreement," and a document entitled "security agreement interest in limited partnership." The limited partnership was to be named Stepping Stone Materials. Fanaras Enterprises was designated as the general partner and the Saulniers were to be the limited partners. The limited partnership agreement executed by the parties provided that the partnership was organized under Massachusetts law, and that the principal place of business was to be in Salisbury, Massachusetts, where Fanaras Enterprises was located. The parties executed a certificate of limited partnership on the same day that the other instruments were executed. The certificate was submitted to the Massachusetts Secretary of State on January 13, 1986.

From March 1986 to June 1986, Mr. Saulnier, in his role as an employee of Fanaras Enterprises, loaded gravel from the pit for use in Fanaras Enterprises' construction activities in Massachusetts. Equipment owned by Fanaras Enterprises was brought to the gravel pit to expedite loading. Because of increased truck traffic on local roads, the Town of Lee, through a temporary agreement, imposed restrictions on Fanaras Enterprises' transfer of gravel. When the agreement with the town expired on June 27, 1986, the equipment was removed from the pit, and the pit ceased to be a source of gravel for Fanaras Enterprises. In September 1986, Mr. Saulnier paid off the $40,000 loan with interest. In December 1986, Mr. Saulnier was laid off as an equipment operator by Fanaras Enterprises.

By the spring of 1987, Mr. Saulnier began operating the gravel pit himself and purchased an adjacent parcel of land to provide another access route for trucks to enter the pit. In April 1987, the Saulniers filed a petition for dissolution of the purported partnership and for an accounting from Fanaras Enterprises for profits earned from the gravel pit operations during 1986. In October 1988, Fanaras Enter-

prises brought a separate petition for an accounting, imposition of a constructive trust, assessment of damages, permanent injunction, and other legal and equitable relief based on the Saulniers' alleged wrongful ouster of the general partner and improper diversion of partnership proceeds. The superior court consolidated the actions.

At issue in the dispute between the parties is the money received by the Saulniers from proceeds of the sale of gravel since 1987. At trial, the Saulniers advanced the position that the limited partnership never came into existence because the purported general partner did not make the required capital contribution to the partnership when it loaned money to the Saulniers in their personal capacity.

■ The trial court agreed, finding that despite the professed intent of all the parties involved, they failed to create a partnership. We review this finding according to our customary standard of review: "[F]indings and rulings of the trial court must be sustained unless they are lacking in evidential support or tainted by error of law." *Burnham v. Downing*, 125 N.H. 293, 296, 480 A.2d 128, 130 (1984) (quotation omitted).

Testimony at trial showed that the limited partnership agreement provided that the general partner would make a loan to Stepping Stone Materials. Fanaras Enterprises, however, made no loan to Stepping Stone Materials; instead, Fanaras Enterprises loaned $40,000 to the Saulniers in their personal capacity. The limited partnership agreement provided that the "General Partner [Fanaras Enterprises] shall diligently apply himself in and about the business of the Partnership to the utmost of his skill," yet no attempt was made to sell gravel to members of the public until after the Saulniers paid off the mortgage on the gravel pit. All of the gravel removed from the pit, but for one small sale, was used by Fanaras Enterprises. Moreover, although the limited partnership agreement provided that an accurate set of books or accounts for all transactions would be maintained by the general partner, no books or financial records for Stepping Stone Materials were kept except for a shoebox full of loading slips for gravel removed by Fanaras Enterprises. These facts, however, do not relate to the formation of a limited partnership, but instead are relevant as to whether there was a breach of the partnership agreement once the partnership was formed.

■ The defendants, Fanaras Enterprises and Stepping Stone Materials, argue that the existence of the limited partnership agreement signed by the parties, along with other manifestations of the parties' intent, is enough to sustain a finding that a limited partner-

568

ship had been established. The defendants miss the mark with this argument because the intent of the parties to form a limited partnership means nothing if the parties do not comply with the statutory requirements for formation.

■ Limited partnerships did not exist at common law; they are statutory creatures that must be formed and conducted in substantial compliance with the statutes authorizing such a business relationship. *Metzger v. New Century Oil & Gas Supply*, 594 N.E.2d 1218, 1231 (Ill. App. Ct. 1992) (substantial compliance with detailed filing requirements is needed to form limited partnership); *Voudouris v. Walter E. Heller & Co.*, 560 S.W.2d 202, 207 (Tex. Ct. App. 1977) (limited partnership failed to become effective because certificate not filed). Accordingly, given the agreement as to the parties' intent, the question before us is whether the parties substantially complied with the statutes governing the formation of limited partnerships. *See Dominion Nat. Bk. v. Sundowner Jt. V.*, 50 Md. App. 145, 157, 436 A.2d 501, 507–08 (1981) (despite "understanding and intent" of appellees to form limited partnership, valid partnership not created where no compliance with statutory requirements).

■ The limited partnership agreement executed by the parties provided that the limited partnership was to be organized pursuant to Massachusetts law, and therefore, we will apply Massachusetts law to the substantive question of whether the parties formed a limited partnership. *Waite v. Sylvester*, 131 N.H. 663, 667, 560 A.2d 619, 621 (1989). Massachusetts General Law chapter 109 governs the formation of limited partnerships. At the time the parties executed the certificate of limited partnership, Mass. Gen. Laws Ann. ch. 109, § 8(a) (West 1990) provided that in order to form a limited partnership, two or more persons must have executed a certificate including thirteen required pieces of information. Section 8(b) of chapter 109 provides:

> "A limited partnership is formed at the time of the filing of the certificate of limited partnership in the office of the secretary of state or at any later time specified in the certificate of limited partnership if, in either case, there has been substantial compliance with the requirements of this section."

■ When the secretary of state determines that the certificate conforms to the law, the certificate is marked "filed" and time-stamped. MASS. GEN. LAWS ANN. ch. 109, § 13(a)(1) (West 1990). Our review of the certificate of limited partnership executed by the par-

ties and submitted to the Massachusetts Secretary of State reveals that the required information is contained therein and the certificate is marked "filed" and time-stamped on January 13, 1986. Therefore, under the law of Massachusetts, Stepping Stone Materials, Ltd. was formed on that date. We hold that the trial court's decision is not supported by the evidence and remand for the trial court to dissolve the limited partnership and perform an accounting, and for such further proceedings as may be consistent with this opinion.

*Reversed and remanded for further proceedings consistent with this opinion.*

All concurred.