Hillsborough-northern judicial district
No. 93-722

### GERALD R. SALISBURY

v.

### PAUL G. LOWE AND ABSOLUTE TECHNOLOGY, INC.

August 1, 1995

*Law Office of Donald A. Kennedy*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the plaintiff.

*Duffy and Laufer*, of Manchester (*Peter J. Duffy* on the brief and orally), for defendant Paul G. Lowe.

### MEMORANDUM OPINION

BROCK, C.J. Defendant Paul G. Lowe appeals the decision of the Superior Court (*Hampsey*, J.) imposing a constructive trust over sixty-three shares of stock in a closely-held corporation. We affirm.

The following facts are uncontroverted. The plaintiff, Gerald R. Salisbury, formed defendant Absolute Technology, Inc. (ATI), in 1988. For several years, he and his wife, Elaine Salisbury, supported themselves with their earnings from ATI. Lowe is Elaine Salisbury's father. In January 1990, the plaintiff transferred his shares of ATI stock to Lowe.

The parties vehemently disagree about the purpose of and consideration for this transfer. The plaintiff contends that the

purpose of the transfer was for Lowe to hold the stock for the plaintiff's benefit and that it was made for no consideration. Lowe claims that the transfer was not made "on a constructive trust basis" and that it was made for consideration, specifically, more than one hundred thousand dollars of cash investment and countless hours of unremunerated time worked for ATI. Lowe also contends that the transfer was made in response to his threat to "walk with his checkbook" if he did not receive some equity interest in ATI.

The superior court granted the plaintiff's petition to declare a constructive trust over the stock for the benefit of the plaintiff. The court found that the stock was transferred without consideration and within the confines of a fiduciary relationship.

Although Lowe presents several issues on appeal, only one merits discussion: whether clear and convincing evidence supports the court's order to impose a constructive trust. We review sufficiency of the evidence claims as a matter of law. *See Saulnier v. Fanaras Enterprises*, 136 N.H. 565, 567, 618 A.2d 841, 842 (1992); *Wisutskie v. Malouin*, 88 N.H. 242, 243, 186 A. 769, 769-70 (1936). It is within the trier of fact's province, however, to determine the weight to be accorded the evidence presented. *E.g., McCabe v. Arcidy*, 138 N.H. 20, 24, 635 A.2d 446, 449 (1993). "[I]nquiry into the weight of evidence is treated as [a] matter of fact," *Wisutskie*, 88 N.H. at 243, 186 A. at 769, and "[f]indings of fact by a trial court are binding on us unless they are not supported by the evidence or are erroneous as a matter of law." *McCabe*, 138 N.H. at 24, 635 A.2d at 449.

Parties seeking to prove a constructive trust "take upon themselves a heavy burden of proof," *Pattee v. Peasley*, 101 N.H. 26, 30, 131 A.2d 433, 436 (1957), as they must demonstrate by clear and convincing evidence that a constructive trust is warranted. *Clooney v. Clooney*, 118 N.H. 754, 758, 394 A.2d 313, 316 (1978). The imposition of a constructive trust is appropriate when a plaintiff produces clear and convincing evidence that property has been transferred by one person to another, the transferee was in a confidential relationship with the transferor, and the transferee would be unjustly enriched were he or she allowed to retain the property. *See Cornwell v. Cornwell*, 116 N.H. 205, 209, 356 A.2d 683, 686 (1976); *Kachanian v. Kachanian*, 100 N.H. 135, 137, 121 A.2d 566, 568 (1956).

After reviewing all of the evidence before us in this case, we conclude that there was sufficient evidence to prove clearly and convincingly that a constructive trust ought to have been imposed. Lowe challenges the finding he would be unjustly enriched were he allowed to retain the stock. The plaintiff testified at trial that the

transfer was made for no consideration, with an implicit promise to reconvey the stock at a later time. Other evidence, including the transfer document and the testimony of numerous witnesses, indicates that the transfer was for consideration. The trial court relied on the testimony of the plaintiff to reach its conclusion. We give great deference to the trial court's judgment on issues relating to the credibility of witnesses and the weight to be given to testimony and evidence at trial. *See McCabe*, 138 N.H. at 24, 635 A.2d at 449. Accordingly, we conclude that the trial court's determination that the transfer was made for no consideration, and hence its implicit finding that Lowe would be unjustly enriched unless a constructive trust were imposed, is supported by the evidence.

We have considered the other issues raised by Lowe in this appeal and find them to be without merit. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

THAYER, J., did not sit; the others concurred.