Merrimack
No. 90-619

M.A. CROWLEY TRUCKING, INC.

v.

MICHAEL C. MOYERS, ADMINISTRATOR OF THE ESTATE OF MARTIN A. CROWLEY

September 19, 1995

*Flynn & McGee, P.A.*, of Portsmouth (*John P. McGee, Jr.*, on the brief and orally), for the plaintiff.

*Cleveland, Waters and Bass, P.A.*, of Concord (*Mark D. Wiseman* on the brief and orally), for the defendant.

HORTON, J. The plaintiff, M.A. Crowley Trucking, Inc., brought an action in contract and debt against the defendant administrator, Michael C. Moyers, in his official capacity, to recover alleged advances from the corporation to the decedent, Martin A. Crowley. The bulk of these advances initially had been repaid to the corporation by the estate. This payment was contested by the residuary beneficiaries of the estate, and the contested sum was ordered returned to the estate. The sum, in fact, was escrowed with the probate court. The defendant administrator counterclaimed in the principal action to effect the return of the escrowed funds. After a hearing, the Superior Court (*Flynn*, J.) rendered a verdict for the defendant administrator in the principal action and rendered a verdict for the defendant administrator on his counterclaim "in the amount of $39,500 'with interest it would have earned in an ordinary account' from the date of payment . . . to the plaintiff on June 24, 1985 until the date on which the plaintiff, by order of the Probate Court, returned the $39,500 for placement in a special escrow account." We affirm.

This is a family dispute concerning the status of an account on the books of the plaintiff corporation named "due from employees" or "due from Martin A. Crowley" and amounting, at Martin A. Crowley's death, to the sum of $42,170. The plaintiff corporation asserts that this account reflects a loan requiring repayment. The defendant administrator argues that the account reflects advances to the decedent that were compensation for services and should be reflected as such by accounting adjustments. The former status would benefit the corporation and its only stockholders, Raymond Crowley and Richard Crowley. The latter status would benefit the estate and its residuary beneficiaries, Robert Crowley, Catherine Contingiani and Lucille Auclair. The five beneficial contestants are the five children of Martin A. Crowley.

Although the corporation carried a "due from employees" account for many years with a number of employees appearing on the books, the appearance of Martin A. Crowley's name prior to late 1981 would have been solely for bookkeeping purposes, since until then Martin A. Crowley operated the business, beginning in 1922, as a sole proprietorship. The business was incorporated in 1981, with Martin A. Crowley as the sole stockholder. A year later Martin A. Crowley transferred his stock to Raymond Crowley and Richard Crowley, in equal shares, and transferred real estate material to the corporation, which he held in his own name, to Raymond and Richard. These transactions were essentially gifts with strings attached. Although consideration was stated for the transfers, the consideration was in the form of debt that was structured to permit Martin A. Crowley to give the funds for repayment. His will was structured to forgive any amount of debt remaining at his death. The debt, however, was secured by a security interest and mortgage with certain control covenants. Martin A. Crowley remained as president and treasurer of the corporation. He died on May 27, 1983, approximately a year and a half following incorporation and six months into the new ownership arrangement.

Raymond Crowley was Martin's named executor and entered into that fiduciary role. On June 24, 1985, he caused payment of $39,500 from the estate account to the corporation in partial satisfaction of the Martin A. Crowley "due from employees" account on the plaintiff's corporate books. Based on this action and other management matters, the Merrimack County Probate Court removed Raymond Crowley as executor and substituted the defendant as administrator, *de bonis non*, with will annexed. *See In re Estate of Crowley*, 129 N.H. 557, 529 A.2d 960 (1987). The probate court ordered the plaintiff corporation to return the $39,500 to the estate.

The corporation, seeking to contest the estate's right to the funds, placed $50,000 in a special escrow account under the control of the probate court. The probate court declined jurisdiction over the dispute and authorized the instant action, which the plaintiff initiated in superior court.

Substantially all of the accounting records and tax filings of the corporation, the estate, and Martin A. Crowley are consistent with the status of the Martin A. Crowley "due from employees" account as a debt owed by Martin A. Crowley to the corporation. In support of its verdicts in favor of the defendant administrator, the trial court found:

> Based on all the evidence, the Court finds that Martin Crowley provided services to the plaintiff during the 19 months before his death and the parties never intended that the balance of the "draw account" would be repaid. Accordingly, the Court finds and rules that the balance of Martin Crowley's "draw account" is income to the estate of Martin Crowley and is not a debt owed to the plaintiff.

The plaintiff corporation appeals the findings, ruling, and verdict of the superior court, arguing: (1) that the record below does not support the trial court's findings regarding the intent of the parties; (2) that the financial and tax records of both the plaintiff corporation and the defendant administrator reflect the account as a debt and thus foreclose any further consideration of intent; (3) that, by virtue of tax court proceedings, the defendant is collaterally estopped from asserting that the account is other than a debt; and (4) that failure of the trial court to address certain requests for findings of fact and rulings of law requires remand.

The plaintiff challenges the trial court's finding that the parties intended the sums reflected in the "due from employees" account to be compensation and not debt. Determining the account status and the parties' intent are questions of fact. *See Public Serv. Co. of N.H. v. Town of Seabrook*, 133 N.H. 365, 370–71, 580 A.2d 702, 706 (1990). "[F]indings of fact by a trial court are binding on us unless they are not supported by the evidence or are erroneous as a matter of law." *Salisbury v. Lowe*, 140 N.H. 82, 83, 663 A.2d 611, 612 (1995) (quotation omitted). Issues of evidentiary weight are the unique province of the trial court. *Id*. Absence of evidentiary support exists when it is clear that the trial court's findings are made without evidence. Our function is to determine whether a reasonable person could have reached the same decision as the trial judge on the basis of the evidence. *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 164, 551 A.2d 962, 968 (1988).

■ In support of its ultimate findings on the status of the account and the intent of the parties, the trial court made a number of subsidiary findings. Martin A. Crowley historically had received certain advances by virtue of business payment of certain of Martin's non-business expenses, which were recorded and netted out at year end. He played a significant role in the company until the time of his death, serving as president and treasurer after the stock transfer, coming to work every day, and holding an indirect veto power over some major business decisions. He received no regular wage or salary from the corporation, but had some non-business expenses covered by the corporation. At the end of the fiscal year, a portion of the "due from employees" account, which reflected expenses paid, was reduced by the application of real estate rental credits in a creative accounting move neither supported by any evidence of a rental agreement nor confirmed by rent proration in the real estate "sale" to Raymond and Richard. A similar "due from employees" account for Raymond received major compensation adjustments by the corporation.

The record contains sufficient evidence to support these findings, as well as the ultimate conclusion that the sums reflected in the "due from employees" account were intended to be, and were in fact, compensation. *See Salisbury,* 140 N.H. at 83–84, 663 A.2d at 612–13.

■ The plaintiff next argues that the substantial uniformity and consistency of the accounting and tax records of the corporation and the estate, which designate the sums represented by the material account as debt, precludes any inquiry into the intent of the parties or the true nature of the account. The trial court rejected this position, stating that the determination of the true nature of the account was imperative, even in the face of inconsistent handling in various books and returns for federal tax purposes. We agree. The accounting and tax records constitute important evidence that must be considered by the trial court, but the proper measure of decision is, "in view of all the surrounding circumstances," the true nature of the account and how the parties intended the sums to be handled. *MacLeod v. Chalet Susse Int'l, Inc.,* 119 N.H. 238, 243, 401 A.2d 205, 208 (1979) (quotation omitted); *see Yamamoto v. Commissioner,* 73 T.C. 946, 954 (U.S. Tax Ct. 1980), *aff'd,* 672 F.2d 924 (9th Cir. 1982).

■ The plaintiff next argues that collateral estoppel precludes any finding other than debt. This argument is based on a judgment of the United States Tax Court pursuant to a stipulation of settlement. Under the aegis of a federal estate tax audit, the income tax returns of the decedent and the estate, and the estate tax return itself, were opened to scrutiny. The disputes arising ended up in the

tax court and were resolved by settlement, confirmed by tax court judgment. In these proceedings, the defendant estate asserted the various representations made in the returns and made certain representations in the process of negotiation. These representations were consistent with the characterization of the "due from employees" account as debt. Although the dispute with the federal tax authorities primarily appears to have involved the pre-mortem "sale" of the corporate stock and real estate to Raymond and Richard, the final settlement figures were based on the account debt representation.

Collateral estoppel may be invoked to preclude reconsideration of an issue only when the issue has been actually litigated. *Marston v. United States Fidelity & Guaranty Co.*, 135 N.H. 706, 710, 609 A.2d 745, 748 (1992) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1980)). Where, as here, the final judgment of the tax court was based on a stipulation of settlement, the issue asserted for preclusion was not actually litigated. *See id.* Collateral estoppel, therefore, is not available to the plaintiff. *See Rockford Mut. Ins. Co. v. Amerisure Ins. Co.*, 925 F.2d 193, 198 (7th Cir. 1991); RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment *e* at 257.

The plaintiff finally asserts that the trial court's failure to address certain requests for findings of fact and rulings of law deprives this court of the necessary basis for proper determination of this appeal. It suggests that the case be remanded to the trial court for these findings and rulings.

> Although a superior court justice sitting without a jury is generally under no obligation to make findings and rulings in support of a decree unless a party asks for them, when either party does request them, RSA 491:15 requires a statement of facts and legal rulings in jury-waived and non-jury cases heard in accordance with RSA 491:13 and RSA 491:14, respectively. The trial judge in such a case need not respond expressly to every specific request filed by a party, but the court is obligated to make findings of the "basic" or "essential" facts that are sufficient to support the ultimate decision. This may be done in narrative form, and the essential rulings of law may be likewise explained. The object is to allow an opportunity for adequate review in this court by providing us with the actual basis for the trial court's decision, in terms of facts found and law applied.

*Howard v. Howard*, 129 N.H. 657, 659, 531 A.2d 331, 332–33 (1987) (citations omitted). Review of the requests for which the plaintiff seeks findings and rulings, and review of the trial court's extensive

narrative findings, rulings, and verdict, disclose that all basic and essential facts to support the trial court's ultimate decision and the appropriate issues of law have been considered and ruled upon. The actual basis for the trial court's decision has been set forth, and we discern no impediment to appellate review.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.