Sullivan
No. 95-577

## SULLIVAN COUNTY REGIONAL REFUSE DISPOSAL DISTRICT

v.

## TOWN OF ACWORTH

December 5, 1996

*Brown, Olson & Wilson, P.C.*, of Concord (*Bryan K. Gould* and *David J. Shulock* on the brief, and *Mr. Gould* orally), for the plaintiff.

*Gardner & Fulton*, of Lebanon (*Laurence F. Gardner* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, the Sullivan County Regional Refuse Disposal District (district), brings this interlocutory appeal from the Superior Court's (*Smukler*, J.) denial of a motion to disqualify counsel for the defendant, the Town of Acworth (town), under Rule 1.9 of the New Hampshire Rules of Professional Conduct (Rule 1.9). *See* SUP. CT. R. 8. The trial court found that the town's attorney had previously represented the district, and that his current representation of the town involved substantially related matters, materially adverse to the district's interests. The trial court nevertheless declined to disqualify counsel because no actual prejudice or taint was established. We reverse and remand.

I

The town is one of several local governments who banded together to form the district in order to coordinate refuse disposal in Sullivan County. The district's day-to-day operations are governed by a document known as the district agreement (agreement). In March 1994, the town accused the district of several violations of the agreement and notified the district of its intent to withdraw. The district protested the town's actions, and in late June 1994, the town refused to deliver its garbage to the district.

In response to the town's unilateral action, the district sought declaratory and injunctive relief in the superior court. It argued, among other things, that the town's attempt to withdraw from the agreement violated a clause prohibiting withdrawal when such action "would adversely affect the obligations of the District." The district pointed to its contract with a waste-to-energy facility as an example of an obligation that would be adversely affected by the town's withdrawal.

The town's counsel, Laurence F. Gardner, filed a special appearance in the case. Gardner had represented the district, and its predecessor, during the drafting of the agreement. In fact, he provided the district with written opinions regarding the agreement and apparently acted as its principle draftsman. Three years later, while Gardner was still counsel to the district, another attorney drafted the amendment to the original withdrawal clause that added the language at issue.

After unsuccessfully pursuing an informal resolution of the dispute surrounding Gardner's representation of the town, the district moved, under Rule 1.9, that Gardner be disqualified from acting as the town's attorney in the present dispute. Rule 1.9, which is based upon the 1983 version of the ABA Model Rules of Professional Conduct, provides:

A lawyer who has formerly represented a person in a matter shall not thereafter:

> (a) represent another person in the same or a substantially related matter in which that client's interests are materially adverse to the interests of both unless the former client consents after consultation and with knowledge of the consequences . . . .

N.H. R. PROF. CONDUCT 1.9. The superior court found that Gardner's representation of the town was materially adverse to the interests of his former client, the district. The court also found that the prior and current representations were substantially related. Nonetheless, the court, relying upon our decision in *State v. Decker*, 138 N.H. 432, 641 A.2d 226 (1994), concluded that a violation of the Rules of Professional Conduct can be remedied only through the disciplinary process, except when the violation threatens the procedural fairness of a case. The court found, based on an affidavit submitted by Gardner, that because Gardner had not *actually* received any confidential information in his representation of the district that could be used to its disadvantage, he need not be disqualified.

## II

This court has rarely had occasion to examine conflicts of interest involving subsequent representations. *See Wood's Case*, 137 N.H. 698, 634 A.2d 1340 (1993); *Hayward v. Bath*, 35 N.H. 514 (1857). Consequently, we look to the decisions of courts in other jurisdictions for guidance. Moreover, because Rule 1.9 simply codifies principles that have a long history of judicial acceptance, we need not strictly limit our examination to cases that directly involve the rule. *See Gesellschaft Fur Drahtlose Telegraphie M.B.H. v. Brown*, 78 F.2d 410, 412 (D.C. Cir.), *cert. denied*, 296 U.S. 618 (1935); *Wutchumna Water Co. v. Bailey*, 15 P.2d 505, 508-09 (Cal. 1932); *Adams v. Adams*, 58 N.W.2d 172, 182 (Neb. 1953); *In re Themelis*, 83 A.2d 507, 510 (Vt. 1951); *see also* C. WOLFRAM, MODERN LEGAL ETHICS § 7.4.2, at 364 (1986) (noting that Model Rule 1.9 "breaks no new ground").

A Rule 1.9 violation is established by proof of four elements. First, there must have been a valid attorney-client relationship between the attorney and the former client. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1384 (10th Cir. 1994). Second, the interests of the present and former clients must be materially adverse. *Kaselaan & D'Angelo Associates, Inc. v. D'Angelo*, 144 F.R.D. 235,

238 (D.N.J. 1992). Third, the former client must not have consented, in an informed manner, to the new representation. N.H. R. PROF. CONDUCT 1.9(a); *see Wellman v. Willis*, 509 N.E.2d 1185, 1188 (Mass. 1987). Finally, the current matter and the former matter must be the same or substantially related. *Kevlik v. Goldstein*, 724 F.2d 844, 850-51 (1st Cir. 1984); *see* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 213 (Tent. Draft No. 4, 1991).

The trial court, as noted above, expressly found that three of the elements required to establish a violation of the rule were present. These findings are not contested on appeal. Further, it is undisputed that the district never consented to Gardner's representation.

Accordingly, we confine our analysis to the trial court's determination that Rule 1.9, when read in light of this court's decision in *Decker*, only permits disqualification upon a showing of prejudice or procedural taint. The trial court suggested that the district could prove prejudice only by showing that Gardner possessed specific confidential information that "would adversely affect the fairness of the instant proceeding." As with any other question of law, we review the trial court's interpretations of the Rules of Professional Conduct *de novo. See Cole*, 43 F.3d at 1383; *State v. Grant-Chase*, 140 N.H. 264, 267, 665 A.2d 380, 382 (1995), *cert. denied*, 116 S. Ct. 1431 (1996).

The trial court's approach is similar to that adopted by the United States Court of Appeals for the Second Circuit. *See Bd. of Ed. of N.Y. City v. Nyquist*, 590 F.2d 1241, 1246-47 (2d Cir. 1979); *accord Hayward*, 35 N.H. at 530 (antebellum case in which court refused to disqualify attorney who had not received actual confidences). Under this approach, disqualification is only appropriate if the facts demonstrate "a real risk that the trial will be tainted." *U.S. Football League v. National Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985). This approach is rooted in the Second Circuit's belief that it is not the function of a court "to act as a general overseer of the ethics of those who practice . . . unless the questioned behavior taints the trial." *W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976).

■ This approach has been rejected by a majority of the courts that have considered the issue, and we reject it today. *See, e.g., In re American Airlines, Inc.*, 972 F.2d 605, 610-11 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993); *Fiandaca v. Cunningham*, 827 F.2d 825, 828 (1st Cir. 1987); *In re Dayco Corp. Derivative Securities Litigation*, 102 F.R.D. 624, 628-29 (S.D. Ohio 1984); *State Farm Mut. Auto Ins. Co. v. K.A.W.*, 575 So. 2d 630, 633-34 (Fla. 1991). The courts of this State are the primary regulators of attorney conduct.

*See Opinion of the Justices (Judicial Salary Suspension)*, 140 N.H. 297, 299, 666 A.2d 523, 525 (1995). It would be inconsistent with this court's supervisory role to relegate the Rules of Professional Conduct to the status of guidelines, to be enforced only when the trial process may be sullied. *See American Airlines*, 972 F.2d at 611.

■ The trial court's approach would require the former client, in order to show prejudice, to disclose "the very confidences [Rule 1.9] was intended to shelter." *Intercapital Corp. of Or. v. Same of Wash.*, 700 P.2d 1213, 1218 (Wash. Ct. App. 1985). Placing a client in this uncomfortable position would sabotage the twin duties an attorney owes to a former client: "[T]he duty to preserve confidences and the duty of loyalty." G. HAZARD ET AL., THE LAW AND ETHICS OF LAWYERING 703 (2d ed. 1994); *see also Damron v. Herzog*, 67 F.3d 211, 214-15 (9th Cir. 1995), *cert. denied*, 116 S. Ct. 922 (1996). Accordingly, a "former client need never prove that the attorney *actually* misused . . . confidences." *Bays v. Theran*, 639 N.E.2d 720, 724 (Mass. 1994) (brackets omitted). Instead, upon a finding that all of the elements of Rule 1.9 have been satisfied, a court must irrebuttably presume that the attorney acquired confidential information in the former representation. *Id.*; *see also Chrispens v. Coastal Refining & Marketing*, 897 P.2d 104, 114-15 (Kan. 1995). Disqualification then becomes mandatory. *See Flatt v. Superior Court (Daniel)*, 885 P.2d 950, 954 (Cal. 1994).

■ Our decision in *Decker* does not change this result. In *Decker* we refused to suppress a criminal defendant's confession when the prosecutor had allegedly violated the prohibitions of Rule 4.2 concerning direct communication with an adverse party represented by counsel. *Decker*, 138 N.H. at 438-39, 641 A.2d at 229-30. We observed that the Rules of Professional Conduct were not designed to "creat[e] substantive rights on behalf of third parties." *Id.* at 438, 641 A.2d at 230. In doing so, we simply adhered to the principle that the Rules are "traditionally invoked only to impose a sanction . . . on the offending party." *Whitehouse v. U.S. Dist. Court for Dist. of Rhode Island*, 53 F.3d 1349, 1360 (1st Cir. 1995). *Decker* reflects our reluctance to allow the Rules to become a wellspring of rights that protect other parties or other interests.

In this case, the district seeks a remedy that does not conflict with *Decker* because the district is seeking to protect duties that are owed to it by its former counsel. The remedy the district seeks will not interfere with the merits of the present dispute, as the sanction will be directly enforced against the offending attorney. *Cf. Whitehouse*, 53 F.3d at 1359-60. Further, the district's motion seeks to protect the very interests that Rule 1.9 was designed to safeguard

and does not, as was the case in *Decker*, seek to contort the rules beyond their mission.

## III

■■ Finally, we reject the town's contention that, because the agreement Gardner drafted has become a public document and was discussed at public hearings, the district no longer has any interest protected by Rule 1.9. To the contrary, an attorney's duty to protect confidential information gleaned from a client does not disappear simply because portions of that information have been included in public documents or discussed in public forums. *See Rogers v. Pittston Co.*, 800 F. Supp. 350, 354 (W.D. Va. 1992), *aff'd*, 996 F.2d 1212 (3d Cir. 1993); *Monon Corp. v. Wabash Nat. Corp.*, 764 F. Supp. 1320, 1323 n.3 (N.D. Ind. 1991). Further, even in the absence of any confidences, an attorney owes a duty of loyalty to a former client that prevents that attorney from attacking, or interpreting, work the attorney performed, or supervised, for the former client. *See Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 (5th Cir. 1979); *Casco Northern Bank v. JBI Associates*, 667 A.2d 856, 860 (Me. 1995); *G.F. Industries v. American Brands*, 583 A.2d 765, 768-69 (N.J. Super. Ct. App. Div. 1990).

*Reversed and remanded.*

JOHNSON, J., did not sit; the others concurred.