Sullivan
No. 99-294

## PETER FRANKLIN

v.

## DENISE CALLUM, INTERIM PROJECT DIRECTOR, NH/VT SOLID WASTE PROJECT

September 20, 2001

*Gardner & Fulton*, of Lebanon (*Adele M. Fulton* on the brief and orally), for the plaintiff.

*Brown, Olson & Wilson, P.C.*, of Concord (*Bryan K. Gould* and *Ashlyn J. Lembree* on the brief, and *Mr. Gould* orally), for the defendants.

NADEAU, J. The plaintiff, Peter Franklin, appeals an order of the Superior Court (*Morrill*, J.) denying his motion to disqualify attorneys representing the defendants, the NH/VT Solid Waste Project (Project) and its interim director, Denise Callum, and

granting the Project's motion to disqualify the plaintiff's attorney. We reverse in part and affirm in part.

The relevant facts follow. Pursuant to the Right-to-Know Law, RSA chapter 91-A, the plaintiff sought examination of all of the legal bills incurred in 1998 by the Project. The Project consists of two solid waste management districts from New Hampshire and Vermont. The plaintiff is a representative from the Town of Newport to the New Hampshire District's governing board. The representatives to the New Hampshire and Vermont Districts' governing boards are also members of the Joint Meeting, a body that administers the Project through an Executive Committee. According to the cooperative agreement between the New Hampshire and Vermont Districts, the Executive Committee consists of eleven members elected from the Joint Meeting. This committee has the power to carry out all actions authorized by the Joint Meeting, including the ability to enter into contracts, carry out the daily operations of the Project and hire a Project Manager who is "directly responsible" to the committee.

In response to the plaintiff's request, the Project produced all of its legal bills with details regarding the type of legal work, who did the work, how much time was spent, the date the work was done and the charge for the legal work. However, the Project redacted what it believed to be material subject to the attorney-client privilege. Upon review of the legal bills, the trial court ruled that "only confidential material was redacted," and that the plaintiff was not a client of the Project. Therefore, he was not entitled to "unfettered access to the legal bills" of the Project.

After seeking legal representation from Adele Fulton of the law firm of Gardner & Fulton, the plaintiff appealed to this court. Soon thereafter, the defendants through their attorney, Bryan Gould of the law firm of Brown, Olson & Wilson (BOW), moved to disqualify Fulton from representing the plaintiff and the plaintiff moved to disqualify Gould and BOW from representing the Project.

While this dispute over access to legal bills was ongoing, the New Hampshire and Vermont Districts voted upon a resolution, advanced by Gould for the Project, that limited the districts' access to the Project's legal bills. The Vermont District adopted the resolution, but the New Hampshire District rejected it, insisting that its representatives be allowed unlimited access.

In late October 1999, we remanded to the superior court for the limited purpose of ruling on the motion to disqualify counsel and for sanctions; additional matters were remanded to the superior court in early December. Upon remand, the trial court ruled that the

Project is an independent legal entity "with interests different from its constituent Districts." The trial court also ruled that, notwithstanding BOW's representation of the Project and the New Hampshire District as two separate entities, and even though the New Hampshire District preferred to retain unlimited access to the legal bills of the Project, because the New Hampshire District is not a party in this case, "the Project's position in this case is not 'directly adverse' to the opposing position of the New Hampshire District." In addition, the court ruled that because Fulton's partner, Laurence Gardner, previously represented both the New Hampshire District and the Project by drafting and reviewing the New Hampshire agreement for the New Hampshire District and the cooperative agreement for the Project, Fulton is disqualified from representing the plaintiff.

On appeal, the plaintiff contends that the trial court erred by ruling that Gould and BOW are not disqualified from representing the Project and its director. The plaintiff also asserts that Fulton should not have been disqualified from representing the plaintiff because there is no conflict of interest where there is no adversity or relationship between Gardner's work and the current dispute.

We defer to the trial court's findings of fact as long as they are supported by the evidence and are not erroneous as a matter of law. *See Bailey v. Sommovigo*, 137 N.H. 526, 529 (1993). However, "[a]s with any other question of law, we review the trial court's interpretations of the Rules of Professional Conduct *de novo*." *Sullivan Cnty. Reg. Refuse Dist. v. Town of Acworth*, 141 N.H. 479, 482 (1996).

■ At the outset we will address the defendants' argument that the plaintiff lacks standing to seek disqualification of their attorney. We disagree. Although the New Hampshire Rules of Professional Conduct (Rules) do not create substantive rights in third parties, they may be considered to determine whether an attorney should be disqualified. *See id.* at 481-84; *cf. State v. Emanuel*, 139 N.H. 57, 60 (1994). Although the New Hampshire District is not directly a party in this case, the plaintiff is a duly appointed member of the New Hampshire District Committee, which is the governing board of the New Hampshire District. Thus, he has standing to assert the interests of the New Hampshire District.

Turning to the plaintiff's first argument, we must determine whether Gould and BOW have a conflict of interest in representing the Project in this matter. The plaintiff contends that by representing the Project and its director, Gould and BOW have compromised their duty of loyalty to the New Hampshire District. We agree.

Whom Gould and BOW currently represent is a critical issue in this case. Rule 1.7 (a) provides:

A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1)     the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2)     each client consents after consultation and with knowledge of the consequences.

■ The ABA Model Rule 1.7 comments explain that "a lawyer ordinarily may not act as advocate against a [client] the lawyer represents in some other matter, even if [the other matter] is wholly unrelated." Furthermore, in an organizational setting such as this, unless all affected clients consent, an attorney may not represent both an organization and another organization associated with the first organization "if there is a substantial risk that the lawyer's representation of either would be materially and adversely affected by the lawyer's duties to the other." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 131, at 365 (1998).

■ Here, the trial court found that Gould and BOW currently represent the Project and the New Hampshire District as two separate entities. The court concluded that because the New Hampshire District is not a party in this case, there is no conflict. This was error. It is clear from the record that Gould and BOW represent the New Hampshire District in other matters and the New Hampshire District has rejected the Project's position that access to legal documents by its members should be restricted. In this case there has been no consent by the New Hampshire District. Thus, even if Gould does not represent the district in this specific dispute as the defendants contend, a conflict exists because Gould's representation of the Project is directly adverse to the interests of the New Hampshire District.

In light of our ruling that a conflict exists, other arguments briefed by the plaintiff regarding this issue are moot. We also do not address issues briefed by the plaintiff that have been deferred to a later proceeding.

The plaintiff next argues that Gardner & Fulton has no conflict of interest in representing him because there is no adversity and no relationship between the previous work performed for the New Hampshire District and the current dispute. In support of this

argument, the plaintiff contends that: (1) the plaintiff's interests are identical to the interests of the New Hampshire District; (2) there is no relationship between the principal issue in this matter and Gardner's former representation for the New Hampshire District; and (3) Gardner & Fulton has no conflict of interest with the Project because the Project is not a separate legal entity capable of client status.

In response, the defendants contend that Fulton is disqualified under Rules 1.9 and 1.10 because Gardner, as the Project's former counsel, drafted agreements forming the Project and because the claims of her current client, the plaintiff, require the application and interpretation of those agreements in litigation against the Project. We agree.

A violation of Rule 1.9 is established by proof of four elements: existence of a valid attorney-client relationship between the attorney and the former client; the interests of the former and present clients are materially adverse; the former client did not consent to the new representation; and the current matter and the former matter are substantially related. *See Sullivan Cnty. Reg. Refuse Dist.*, 141 N.H. at 481-82; *see also* N.H. R. PROF. CONDUCT 1.9. In addition, Rule 1.10 (a) provides:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8(c), 1.9 or 2.2.

According to the ABA Model Rule 1.10 comments, this rule applies because "a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated."

The cooperative agreement establishes how the New Hampshire and Vermont Districts will coordinate and structure their efforts to form and operate the Project. Based upon the record, Fulton's partner drafted this agreement and because her representation of the plaintiff may require her to interpret his work, she is disqualified under Rules 1.9 and 1.10. *See Sullivan Cnty. Reg. Refuse Dist.*, 141 N.H. at 481-82.

*Reversed in part; affirmed in part.*

DALIANIS and DUGGAN, JJ., concurred; BROCK, C.J., and BRODERICK, J., sat for oral argument but did not take part in the final vote.